Hat, Judge,
delivered the opinion of the court:
The plaintiff is a corporation engaged in the business of manufacturing and selling fiber-clad wire and cable for-lighting, signaling, power transmission, and other electrical *410 uses and purposes, and was engaged in said business at the outbreak of the war with Germany.
It alleges that early in the war it was called upon by the War Industries Board, through the wire and cable section, for full information as to its production, facilities, and stocks on hand; was ordered to organize its manufacturing program accordingly, and to report production in order that allocation orders might be issued to it as rapidly as its products were manufactured and ready for shipment. The plaintiff alleges that it ceased soliciting orders for commercial purposes, purchased materials, and manufactured wire and cable required by the Government, and held its entire capacity subject to orders from the War Industries Board; that from and after July 24, 1917, all the wire and cable manufactured by it and destined directly or indirectly for war purposes was allocated by the wire and cable section of the War Industries Board; that during the war period it was called upon to furnish a heavy percentage of its output, which percentage constantly increased up to November, 1918; that said percentage during the four months preceding November 11, 1918, was more than 86 per cent, all of which was shipped for war requirements upon orders received from the wire and cable section of the War Industries Board; that these orders described the number of feet to be shipped and the kind of wire or cable to be furnished; to whom it was to be shipped and the price to be paid therefor and the method of payment.
The plaintiff alleges that the relationship between the War Industries Board and it continued without interruption up to November, 1918; that the plaintiff through its president on October 6,-1918, had an interview with Mr. Clark, chief of the. wire and cable section of the War Industries Board, in which interview Mr. Clark stated that large quantities of wire and cable would be required by the American Expeditionary Forces in France, and that therefore the plaintiff could not curtail its production or change its manufacturing program. Thereafter the plaintiff on October 25, 1918, executed and filed a pledge to conserve all raw materials and supplies then on hand or later *411 to be issued, and to use the maximum possible of all materials and supplies for essential war purposes; it pledged the prompt production and delivery of the largest possible quantity of finished product that was or should be required by the Government for the interest of itself or Allies. This pledge was made in accordance with the suggestion of the War Industries Board.
The plaintiff further alleges that in order to comply with the orders of the War Industries Board it had to place orders for and to buy its materials two and three months in advance of its requirements to insure a continuous supply of its products for war purposes; that a few days after the armistice, November 11, 1918, the War Industries Board, without notice, ceased to order out the wire and cable which had been and was being manufactured under its orders and for which raw materials had been purchased with full knowledge of the wire and cable section; and that none of such wire and cable was called for or ordered for delivery by the War Industries Board.
The plaintiff further alleges that by reason of the foregoing action of the wire and cable section of the War Industries Board it was left with supplies of raw materials, materials of various kinds in process of manufacture, and finished wire and cable, and that no part of these was eve,r delivered to or under the orders of the War Industries Board; and that it had eventually to dispose of its stock in the regular channels of trade at a loss, and that said loss was the sum of $20,616.58.
The plaintiff further alleges that it presented its claim to the War Department under the provisions of the Dent Act, 40 Stat. 1212, which claim was disallowed by the Board of Contract Adjustment on August 7, 1919; that on June 29, 1921, the plaintiff appealed to the Secretary of War for a rehearing, which was refused on July 2, 1921. .
The defendant demurs to the petition of the plaintiff upon the ground that the petition does not state a cause of action against the United States.
The pledge referred to in the petition and made a part of it as Exhibit No. 2, is a voluntary undertaking, and one made for patriotic purposes, and is one' from which the *412 court can not imply a promise upon the part of the Government to reimburse the plaintiff for any loss it might incur by reason of the carrying out of said pledge on the part of the plaintiff. There was no authority given by the Secretary of yV&v or the President to any officer or agent to exact such a pledge, nor is it claimed that there was; and this being the case the plaintiff does not bring itself under the provisions of the Dent Act, 40 Stat. 1272. (See also Decisions of the War Department, Board of Contract Adjustment, Vol. I, p. 198.)
The plaintiff contends that it had to keep stock on hand-in order to comply with the orders of the War Industries Board; and that it purchased such stock, and manufactured certain quantities of wire and cable, and purchased certain raw materials in order to continue the manufacture of wire and cable which might have been called for by the War Industries Board, which it had on hand when the War Industries Board ceased giving its orders to plaintiff by reason of the armistice; and that it lost as a result of the action of the War Industries Board the sum of $20,616.58, said loss resulting from the disposal of these materials in the regular channels of trade. It is not stated that these materials were purchased for the execution of contracts or orders existing at the time of the armistice, or that the plaintiff at the time the purchase of these materials was made had any contract with the Government, or had any order from it for any specific quantity of wire or cable, or that the wire and cable which it had on hand at the time of the armistice was manufactured in pursuance of any order of the Government. A contract can not be implied where no order had been given for the manufacture of the article, where no price had been fixed, and where no time has been fixed for its delivery. The plaintiff knew that with the ending of hostilities the orders for its goods would cease; it relied upon the continuance of the war and voluntarily purchased the materials in order that it might be ready to fill the orders which might be given it as long as the war continued. It made these purchases knowing that the war might end at any time, and that if it did end the Government would no longer need or order its wire and cable. It was the misfortune of the plaintiff that *413 there was a fall in the market value of wire and cable, but the Government can not be required to make good the losses thereby incurred. See Decisions of the War Department, Board of Contract Adjustment, Vol. I, pp. 380, 381.
The court is of opinion that the petition does not set out an implied contract under the provisions of the Dent act, and the demurrer of the defendant to the petition of the plaintiff is sustained. Leave is given the plaintiff to amend its petition, if it shall be so advised, within 60 days from the date of this decision.
Geaham, Judge; DowNey, Judge; Booth, Judge; and Campbell, Ohief Justice, concur.